UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

STANAN, INC.,
        Plaintiff,

   -v-

MT. HAWLEY INSURANCE
COMPANY, *et al.*,
        Defendants.

23-CV-6989 (JPO)

ORDER

J. PAUL OETKEN, District Judge:

  Plaintiff invokes this Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332. (Dkt. No. 1 ("Compl.") ¶ 7.) According to the complaint, Plaintiff Stanan, Inc. "is a Corporation, duly licensed, incorporated, has offices, and does business, and/or maintains agents for the transaction of its customary business in the State of New Jersey." (*Id.* ¶ 1.) Defendant Mt. Hawley Insurance Company "is a Corporation duly licensed, incorporated in Delaware, has offices, and does business, and/or maintains agents for the transaction of its customary business in the State of Illinois." (*Id.* ¶ 2.) Defendant Renaissance Re Syndicate 1458 Lloyd's "is a Corporation duly licensed, incorporated, has offices, and does business, and/or maintains agents for the transaction of its customary business in the Country of Bermuda." (*Id.* ¶ 3.) Defendant Underwriters at Lloyd's, London "is a Corporation duly licensed, incorporated in England, has offices, and does business, and/or maintains agents for the transaction of its customary business in the State of Illinois." (*Id.* ¶ 4.)

  "[F]ederal courts are courts of limited jurisdiction and, as such, lack the power to disregard such limits as have been imposed by the Constitution or Congress." *Purdue Pharma L.P. v. Kentucky*, 704 F.3d 208, 213 (2d Cir. 2013) (internal quotation marks omitted). As relevant here, Congress has granted district courts original jurisdiction only over cases between

1

"citizens of different States." 28 U.S.C. § 1332(a)(1).  The "failure of subject matter jurisdiction is not waivable and may be raised at any time by a party or by the court *sua sponte*.  If subject matter jurisdiction is lacking, the action must be dismissed." *Lyndonville Sav. Bank & Trust Co. v. Lussier*, 211 F.3d 697, 700–01 (2d Cir. 2000); *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

The complaint's allegations are insufficient to demonstrate the Court's subject matter jurisdiction.  "The federal diversity jurisdiction statute provides that 'a corporation shall be deemed to be a citizen of any State by which it has been incorporated *and* of the State where it has its **principal place of business**.'" *Hertz Corp. v. Friend*, 559 U.S. 77, 80 (2010) (quoting 28 U. S. C. §1332(c)(1) (emphasis added)).  Plaintiff and Defendants are all corporations.  While the complaint's allegations specify the States by which Plaintiff and Defendants have been incorporated, the complaint does not include allegations concerning the States in which Plaintiff and Defendants maintain their principal places of business.  Plaintiff has alleged that "[d]iversity of citizenship exists because Plaintiff is a New Jersey Corporation while the Defendants are duly licensed Corporations who have offices, principal places of business *and/or* agents in Delaware, Illinois, Bermuda, and England." (*Id.* ¶ 5) (emphasis added.)  This allegation is insufficient to demonstrate the Court's subject matter jurisdiction because it does not specify Plaintiff's principal place of business, nor that of each of the Defendants (at the very least the U.S. Defendants).  In order to invoke this Court's subject matter jurisdiction, Plaintiff must allege that its citizenship, defined both as the State of its incorporation and the State of its principal place of business, is diverse from that of each the Defendants at the date of this action's filing.

Therefore, Plaintiff shall, on or before August 23, 2023, either (1) show cause as to why its complaint should not be dismissed for lack of subject matter jurisdiction, or (2) move to file an amended complaint that properly pleads jurisdiction. If Plaintiff fails to do so, this action may be dismissed.

SO ORDERED.

Dated: August 9, 2023
       New York, New York

_____
J. PAUL OETKEN
United States District Judge