UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

STANAN, INC.,
                           Plaintiff,

-v-

MT. HAWLEY INSURANCE
COMPANY, *et al.*,
                           Defendants.

23-CV-6989 (JPO)

ORDER

---

J. PAUL OETKEN, District Judge:

    This Court issued an order to show cause as to why Plaintiff's complaint should not be dismissed for lack of subject matter jurisdiction on the basis that Plaintiff failed to sufficiently allege diversity of citizenship.  (ECF No. 16.)

    As this Court stated in its prior order, the Second Circuit has explained that Underwriters at Lloyd's, London has a "unique structure" that raises certain issues in assessing diversity jurisdiction.  *See E.R. Squibb & Sons, Inc. v. Accident & Cas. Ins. Co.*, 160 F.3d 925, 928 (2d Cir. 1998); *E.R. Squibb & Sons, Inc. v. Lloyd's & Cos.*, 241 F.3d 154 (2d Cir. 2001).  "As an unincorporated business organization, Lloyd's has the citizenship of each of its members." *Prime Prop. & Cas. Ins. Inc. v. Elantra Logistics LLC*, No. 20-CV-5737 (JPC), 2021 WL 2 4066737, at *3 (S.D.N.Y. Sept. 7, 2021) (first citing *Underwriters at Lloyd's, London v. Osting-Schwinn*, 613 F.3d 1079, 1088-89 (11th Cir. 2010), and then citing *Indiana Gas Co. v. Home Ins. Co.*, 141 F.3d 314, 317 (7th Cir. 1998)).  Plaintiff therefore must plead every member's citizenship in order to establish diversity jurisdiction.  *Id.* (citing *Underwriters at Lloyd's, London*, 613 F.3d at 1088).  "When the pleadings . . . identify neither the citizenship[s] of the individual investors nor . . . of the managing/lead underwriter for Lloyd's, the Court cannot

1

determine the defendant's citizenship." *Id.* (citing *Advani Enters. v. Underwriters at Lloyds*, 140 F.3d 157, 161 (2d Cir. 1998) (internal quotations omitted).

Plaintiff has failed to address the authorities in the Court's prior order.  (*See* ECF No. 16.)  Once again, Plaintiff "identif[ies] neither the citizenship[s] of the individual investors nor . . . of the managing/lead underwriter for Lloyd's."  Plaintiff again asserts that Lloyds "is a foreign business corporation," but that is plainly false:  Lloyds is an *unincorporated* organization.  *Id* at *3.  Plaintiff also asserts, "on information and belief, [that] Underwriters at Lloyd's, London, its members, and syndicates are all foreign business entities registered in the United Kingdom, each with their principal places of business in London, U.K., which is a corporation registered and domiciled in the United Kingdom."  This allegation fails.  First, it is judicially noticeable public knowledge that many members, or "names," of Lloyd's are individuals, and therefore demonstrably not "foreign business entities." *See, e.g., Sikorsky Aircraft v. Lloyds TSB Gen. Leasing,* 774 F. Supp. 2d 431, 444 (D. Conn. 2011).  Even a single syndicate may have hundreds of "names," whose identities are typically anonymous.  But Plaintiff has brought suit not only against a specific syndicate, but against the entirety of Lloyd's, thus implicating thousands if not tens of thousands of "names" – *each* of whose citizenship must be completely diverse with that of Plaintiff.  Plaintiff fails to allege the citizenship of all of those individuals and entities that are Lloyd's "names."  It has thus failed to allege complete diversity. *Prime Prop. & Cas. Ins. Inc.,* 2021 WL 2 4066737, at *3.

Plaintiff also contends that Defendant Lloyd's Syndicate 1458 has contractually submitted to the jurisdiction of this Court.  But that is irrelevant.  Parties may not waive or consent to subject matter jurisdiction, and this Court has an independent duty to ensure that it has subject matter jurisdiction of a case.

The Court concludes that Plaintiff has failed to adequately allege diversity of citizenship.

This case is DISMISSED without prejudice for lack of subject matter jurisdiction.

The Clerk is directed to close this case.

SO ORDERED.

Dated: October 29, 2023
       New York, New York

_____
J. PAUL OETKEN
United States District Judge